(52 Misc. Rep. 479)

PLUNKETT PLUMBING & HEATING CO. v. BASSFORD REALTY CO.

(Supreme Court, Appellate Term.   February 4, 1907.)

TROVER AND CONVERSION—TRIAL—QUESTIONS FOR JURY.

> In an action for conversion, plaintiff alleged and proved that goods owned by plaintiff came lawfully into defendant's possession, that plaintiff made demand for them, and defendant refused to surrender possession.   A list of the goods was given, but the evidence as to their value was not very satisfactory.   The complaint was dismissed at the close of plaintiff's case, and no reason was shown why defendant refused to surrender possession.   *Held*, that it was error to dismiss the complaint upon the evidence adduced
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trover and Conversion, § 230.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Plunkett Plumbing & Heating Company against the Bassford Realty Company.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed and remanded.

Argued before GILDERSLEEVE, BLANCHARD, and DAYTON, JJ.

H. Schieffelin Sayers, for appellant.
William F. Clare, for respondent.

GILDERSLEEVE, J.   The action is for the conversion of certain goods and materials.   Plaintiff was employed by defendant to do plumbing work in a building being erected by defendant.   Plaintiff took materials and tools to the building with which to do the work, and proceeded to do the same.   Before the completion of the work plaintiff's men, upon presenting themselves at said building with the intention of so finishing the work, were refused admittance to the building. Plaintiff's secretary testifies as follows:

"I then went there and demanded entrance to the building. Q. Who was there? A. Mr. Black, an officer of the Bassford Realty Company. Q. And Mr. Black said that he would not let you in? A. Yes, sir. He positively would not let me in, on any condition. I asked him for permission to go and get my material and tools, but he again refused to allow me. I went the next morning, and demanded again to get my material and tools; but Mr. Black would not allow me in. Mr. Black and Mr. Touhey, the superintendent [of defendant], were present. He prevented me from going in."

No reason is assigned for preventing plaintiff from completing the work and refusing to allow it to take its tools and material, and it is undisputed that the chattels were retained by defendant. At the close of the plaintiff's case defendant moved to dismiss the complaint on the ground that no cause of action had been proved against the defendant, the Bassford Realty Company. The motion was granted, and plaintiff appeals.

, As these articles came lawfully into defendant's possession, a demand and refusal are necessary to establish a conversion. The evidence of plaintiff must not only be accepted as true, but is entitled to all favorable inferences that can reasonably be drawn from it, since the complaint was dismissed upon that evidence alone. It seems to us that the testimony of plaintiff made out a prima facie case of conversion. A list is given of the tools and materials converted, but the evidence as to their value is not very satisfactory. Still sufficient is shown to establish plaintiff's right to at least nominal damages, and it was error to dismiss the complaint upon the evidence adduced.

The judgment must be reversed, and new trial granted, with costs to appellant to abide the event. All concur.

